**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **GWENDOLYN CAMPBELL,** | * | **Case 1:20-cv-02365-ODE-LTW** |
| | * | |
| **Plaintiff** | * | |
| | * | |
| **V.** | * | |
| | * | |
| **WOOD ENVIRONMENT & INFRASTRUCTURE SOLUTIONS, INC.,** | * * * | |
| | * | |
| **Defendant.** | * | |
| | * | |

## ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, Wood Environment & Infrastructure Solutions, Inc. ("Wood"), files this Answer, stating as follows:

## ANSWER

## I. JURISDICTION AND VENUE

1.

Paragraph 1 includes legal conclusions that do not require a response from Wood. But to the extent that a response is required, Wood admits that Plaintiff has asserted claims arising under Title VII of the Civil Rights Act of 1964 and that this Court therefore has federal question jurisdiction over those claims. Wood denies that it is liable to Plaintiff under Title VII of the Civil Rights Act of 1964 (Title VII).

2.

Paragraph 2 includes legal conclusions that do not require a response from Wood. But to the extent that a response is required, Wood admits that Plaintiff has asserted a claim arising under the Civil Rights Act of 1866 and that this Court therefore has federal question jurisdiction over that claim. Wood denies that it is liable to Plaintiff under the Civil Rights Act of 1866 (§ 1981).

3.

Paragraph 3 includes legal conclusions that do not require a response from Wood. But to the extent that a response is required, Wood admits that a substantial part of the alleged events or omissions raised in Plaintiff's Complaint purportedly occurred in this district and that venue in this judicial district is therefore proper.

4.

The allegations in paragraph 4 are not directed to Wood and do not require a response from Wood. To the extent that a response is required, Wood denies the allegations in paragraph 4.

## II. PARTIES

5.

The allegations in paragraph 5 are not directed to Wood and do not require a response from Wood. To the extent that a response is required, Wood denies the allegations in paragraph 5 for lack of sufficient information to justify a belief therein.

6.

Wood admits the allegations in paragraph 6.

7.

Wood lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 7, as Plaintiff fails to identify a specific location.

8.

Paragraph 8 includes a legal conclusion that does not require a response from Wood. But to the extent that a response is required, Wood admits that its registered agent is listed as being United Agent Group Inc., 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066 (incorrectly identified in the Complaint as 30060).

9.

Paragraph 9 includes a legal conclusion that does not require a response from Wood. But to the extent that a response is required, Wood admits that it is subject to Title VII of the Civil Rights Act and the Civil Rights Act of 1866 but denies that it violated either or is liable to Plaintiff.

## **III. FACTUAL ALLEGATIONS**

10.

Wood admits that, when Plaintiff was transferred in 2019, her official title was Technician 6, but she did serve as a Soft Services Manager. To the extent that the allegations in paragraph 10 suggest otherwise, Wood denies those allegations.

11.

Wood admits that Plaintiff worked for Mactec from 2005 to 2008; she was hired by Amec in 2014, after Amec purchased Mactec; and Amec later became

Amec Foster Wheeler, and later, Wood. To the extent that the allegations in paragraph 11 suggest otherwise, Wood denies those allegations.

12.

The allegations in paragraph 12 are not directed to Wood and do not require a response from Wood. To the extent that a response is required, Wood admits the allegations in paragraph 12.

13.

Wood denies the allegations in paragraph 13.

14.

Wood admits that, in 2018, Plaintiff made a report of "intentional bias" to Human Resources. Wood otherwise denies the allegations in paragraph 14.

15.

Wood denies the allegations in paragraph 15.

16.

Wood denies the allegations in paragraph 16.

17.

Wood denies the allegations in paragraph 17.

18.

Wood denies the allegations in paragraph 18.

19.

Wood denies the allegations in paragraph 19.

20.

Wood denies the allegations in paragraph 20.

21.

Wood denies the allegations in paragraph 21.

22.

Wood denies the allegations in paragraph 22.

23.

Wood admits that Plaintiff was placed on a PIP on December 9, 2019, and the duration of that PIP was thirty (30) days. Wood otherwise denies the allegations in paragraph 23.

24.

Wood denies the allegations in paragraph 24.

25.

Wood denies the allegations in paragraph 25.

26.

Wood admits the allegations in paragraph 26.

27.

Wood admits that Plaintiff failed to follow the chain of command. Wood also avers that Plaintiff was terminated for, among other things, her failure to complete the requirements of her PIP. To the extent that the allegations in paragraph 27 suggest otherwise, Wood denies those allegations.

28.

Paragraph 28 includes a legal conclusion that does not require a response from Wood. But to the extent that a response is required, Wood denies the allegations in

paragraph 28. Wood further denies that Ms. Campbell was terminated or disciplined due to her submission of an ethics complaint.

29.

Wood denies the allegations in paragraph 29.

30.

The allegations in paragraph 30 are not directed to Wood and do not require a response from Wood. To the extent that a response is required, Wood admits the allegations in paragraph 30.

31.

The allegations in paragraph 31 are not directed to Wood and do not require a response from Wood. To the extent that a response is required, Wood denies the allegations in paragraph 31 for lack of sufficient information to justify a belief therein.

## **IV. CLAIMS FOR RELIEF**
## **COUNT I: TITLE VII DISCRIMINATION**

32.

The allegations in paragraph 32 are not directed to Wood and do not require a response from Wood. To the extent that a response is required, Wood adopts and reiterates its prior responses, as if they are set forth herein *in extenso*.

33.

Paragraph 33 includes a legal conclusion that does not require a response from Wood. But to the extent that a response is required, Wood denies the allegations in paragraph 33.

34.

Paragraph 34 includes a legal conclusion that does not require a response from Wood. But to the extent that a response is required, Wood admits the allegations in paragraph 34.

35.

Wood denies the allegations in paragraph 35.

36.

Wood admits the allegations in paragraph 36, though Wood avers that it was justified in terminating Plaintiff and did so for legitimate, non-discriminatory, and non-retaliatory reasons.

37.

Wood denies the allegations in paragraph 37.

38.

Wood denies the allegations in paragraph 38.

**COUNT II: SECTION 1981 DISCRIMINATION**

39.

The allegations in paragraph 39 are not directed to Wood and do not require a response from Wood. To the extent that a response is required, Wood adopts and reiterates its prior responses, as if they are set forth herein *in extenso*.

40.

Paragraph 40 includes a legal conclusion that does not require a response from Wood. But to the extent that a response is required, Wood admits the allegations in paragraph 40.

41.

Paragraph 41 includes a legal conclusion that does not require a response from Wood. But to the extent that a response is required, Wood denies the allegations in paragraph 41.

42.

Wood denies the allegations in paragraph 42.

43.

Wood admits the allegations in paragraph 43, though Wood avers that it was justified in terminating Plaintiff and did so for legitimate, non-discriminatory, and non-retaliatory reasons.

44.

Wood denies the allegations in paragraph 44.

45.

Wood denies the allegations in paragraph 45.

**COUNT III: RETALIATION**

46.

The allegations in paragraph 46 are not directed to Wood and do not require a response from Wood. To the extent that a response is required, Wood adopts and reiterates its prior responses, as if they are set forth herein *in extenso*.

47.

Paragraph 47 includes a legal conclusion that does not require a response from Wood. But to the extent that a response is required, Wood denies the allegations in paragraph 47.

48.

Wood denies the allegations in paragraph 48.

49.

Wood denies the allegations in paragraph 49.

50.

Wood denies the allegations in paragraph 50.

51.

Wood denies the allegations in paragraph 51.

52.

Wood denies the allegations in paragraph 52.

53.

Wood denies the allegations in paragraph 53.

**PRAYER FOR RELIEF**

Wood denies Plaintiff is entitled to any of the damages/relief requested in subparagraphs a. through d. under this heading and/or any other relief whatsoever.

**AFFIRMATIVE DEFENSES**

Now FURTHER ANSWERING, Wood asserts the following affirmative or other defenses:

54.

The Complaint fails to state a claim upon which relief can be granted, and Plaintiff has failed to allege facts sufficient to constitute any actionable claims against Wood. Further, the Complaint fails to state a claim against Wood as a matter of law for alleged violations of Title VII and § 1981.

55.

Insofar as any contention of liability set forth in Plaintiff's Complaint under Title VII was not expressly raised against Wood in an administrative charge filed with the EEOC within the time required by the applicable statutes, which said statutes are pled as defenses and as statutes of limitations, Plaintiff failed to exhaust her administrative remedies as to such claims, such claims are barred, and such claims should be dismissed with prejudice. Additionally, insofar as Plaintiff did not commence this action within the time prescribed by the applicable statutes, her claims are barred and should be dismissed with prejudice. In light of such failures, the Court lacks subject matter jurisdiction.

56.

Although denying that Plaintiff is entitled to damages or any relief whatsoever against Wood, Wood affirmatively pleads that the Plaintiff's Complaint fails to allege facts sufficient to support an award of damages under applicable law.

57.

Plaintiff cannot establish a prima facie case of race discrimination, harassment, hostile work environment, or retaliation, nor can she demonstrate that Wood's legitimate, non-discriminatory, and non-retaliatory reasons for its actions/inactions are pretextual. Plaintiff also cannot establish that her race was the "but for" cause of any of the alleged adverse actions about which she complains, as required by § 1981.

58.

Retaliatory hostile work environment is not a recognized claim. Alternatively, Plaintiff cannot establish that she participated in a protected activity; Wood committed some adverse-employment action; there is a causal link between the protected activity and the adverse action; the imposition of liability on Wood is appropriate; and/or the harassment she allegedly sustained was severe or pervasive or affected a term or condition of employment. Further, such claims cannot be maintained when an ultimate employment action occurs.

59.

Wood's actions/inactions were not taken because of Plaintiff's race or alleged protected activity, her race and/or alleged protected activity played no role in Wood's alleged actions/inactions, none of Wood's alleged actions/inactions were based upon a specific intent to discriminate or retaliate, and all of Wood's actions/inactions were based on legitimate, non-discriminatory, non-retaliatory, lawful reasons, reasonable factors other than illegal factors, and based on a good faith and reasonable belief that no violations of the laws asserted were being committed. Alternatively, Wood avers that even if such considerations were found to have been a factor in its actions/inactions (which is denied), the same actions/inactions would have been taken absent such considerations and, therefore, Plaintiff cannot recover any damages or affirmative relief.

60.

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

61.

Wood asserts all defenses to punitive and exemplary damages. Additionally, while Plaintiff is not entitled to any relief against Wood and no recovery may be had against Wood for each and all of the reasons contained in this Answer, and for the reason that Wood has not violated the law, Wood further states that as a matter of law, Plaintiff may not seek punitive and/or exemplary damages against Wood, such

damages are not justified by the actual facts in this case, and any award of punitive damages or other extra-contractual or exemplary damages would be a violation of the constitutional and statutory safeguards provided to Wood under the laws and Constitution of the United States of America and the State of Georgia. Specifically, but not limited to: a) any imposition of punitive damages in this case would violate procedural and substantive due process in that the basis for imposing liability, for awarding such damages and for trial and appellate review of any such award is vague, retroactive, limitless, standard-less and not rationally related to any legitimate governmental interest; b) any imposition of such damages in this case would constitute an excessive fine and violate due process; c) any imposition of such damages in this case based on wealth would violate equal protection; d) any imposition of such damages in this case would violate procedural safeguards in that such damages are penal in nature; e) any imposition of such damages in this case would constitute an ex post facto law; f) the existing procedures permit multiple awards of punitive damages for the same alleged act; g) the existing procedures include no requirement of any relationship between Plaintiff's actual injury and the amount of punitive damages; and h) the existing procedures allow the imposition of vastly different penalties for the same or similar acts.

62.

Plaintiff is not entitled to, and there can be no recovery of, compensatory damages, non-pecuniary damages, liquidated damages, punitive damages, exemplary damages, actual damages, attorneys' fees, expert witness fees, any costs, any expenses, injunctive relief, make whole relief, employment, pre- or post-judgment interest, and/or any other damages/relief, at law, in equity or otherwise, under the facts of this case, and, as a matter of law, because Wood has not violated Title VII and/or § 1981, the Complaint fails to allege facts or circumstances sufficient to support such relief, recovery, and/or damages, and all alleged actions/inactions of Wood were in good faith, were predicated upon reasonable grounds to believe that its actions/inactions did not constitute violation of any law, were not willful, were not fraudulent, were not extreme or outrageous, were not egregious and were not taken with actual malice, in bad faith, with reckless indifference, or with gross negligence evidencing a willful, wanton, or reckless disregard for any legal rights of Plaintiff or others. Alternatively, the recovery sought by Plaintiff should be limited and/or capped in conformity with the limitations of the Title VII, § 1981, and other applicable laws.

63.

Plaintiff has suffered no damages based on any allegations in her Complaint, and Wood disputes the nature and extent of Plaintiff's claimed damages.

64.

Wood did not do, nor fail to do, anything that caused or contributed to Plaintiff's alleged damages.

65.

Plaintiff has not established the right to any amount of alleged damages.

66.

Plaintiff has failed to mitigate the consequences of the actions for which she now complains, including any alleged damages and relief sought, and she failed to take reasonable steps to find and maintain comparable employment.

67.

Plaintiff unreasonably failed to take advantage of Wood's procedures and policies designed to prevent the conduct alleged in her Complaint, and she failed to take reasonable steps to avoid the harm about which she now complains and any alleged damages.

68.

Plaintiff's alleged damages were caused by and/or contributed to by her preexisting conditions, intervening causes unrelated to her allegation, and any alleged actions/inactions of Wood, and she caused and/or has engaged in contributory conduct.

69.

Any alleged damages of Plaintiff were proximately caused by or contributed to solely by the acts, wrongs, and omissions of Plaintiff or other persons, entities,

forces, or things over which Wood had no control, for which Wood bears no legal responsibility, and/or for which Wood had no knowledge, or reason to have such knowledge.

70.

Plaintiff's contentions of liability and alleged damages are subject to, barred by, or diminished by the doctrines of equitable estoppel, collateral estoppel, judicial estoppel, res judicata, after-acquired evidence, waiver, laches, misrepresentation, comparative fault, contributory fault, justification, unjust enrichment, consent, unclean hands, failure to complain in a timely manner, detrimental reliance, equity, offset, credit, ratification and/or acquiescence.

71.

Any interim earnings or amounts earnable with reasonable diligence would be a set off and credit against, and should reduce, the monetary recovery Plaintiff seeks in this case, including any award of back pay, front pay and/or other damages.

72.

Plaintiff would be entitled to only one satisfaction of her alleged damages.

73.

Plaintiff's Complaint does not describe the claims asserted against Wood with sufficient particularity to enable Wood to determine all of the defenses and/or claims available to it in response to this action. Wood reserves the right to amend/ supplement this Answer and to assert any additional defenses, affirmative or

otherwise, and crossclaims and/or counterclaims, which may be discovered during the course of additional investigation and discovery.

74.

Wood denies each and every conclusion, allegation, and implication of the Complaint not explicitly and expressly admitted herein.

75.

Wood invokes and reserves all applicable rights and defenses created by Rules 8 and 12 of the Federal Rules of Civil Procedure.

76.

Plaintiff's Complaint is frivolous, unreasonable and/or groundless, totally and wholly without merit, filed and maintained in bad faith, sanctionable under Rule 11 of the Federal Rules of Civil Procedure and 28 U.S.C. § 1927, and, therefore, should be dismissed in its entirety with prejudice, and Wood should be awarded the reasonable attorneys' fees, expenses, and costs incurred in the defense of this action.

77.

Wood has implemented steps in order to prevent and/or remedy harassment, discrimination, and retaliation, including the implementation of policies and complaint procedures, and Plaintiff failed to reasonably avail herself of those procedures and to otherwise avoid harm.

78.

Wood is not liable for the conduct as alleged by Plaintiff of which it had no knowledge, and against which it maintains an express policy prohibiting discrimination and retaliation that is effectively disseminated.

79.

Although Wood denies Plaintiff's allegations, Wood avers that the complained-of acts are outside the scope of any of its employees' duties and that Wood cannot be held liable for such actions via respondeat superior or any other theory of liability.

80.

Wood affirmatively states that it made a good faith effort to comply with the law and, thus, it is not liable for any alleged intentional, malicious, or other acts of its agents or employees.

81.

Plaintiff was an at-will employee subject to discharge with or without cause at any time for any lawful reason.

82.

Plaintiff's claims are barred in whole or in part, on the grounds that Wood's actions as they affected Plaintiff were undertaken in good faith, and for legitimate, non-discriminatory, non-retaliatory reasons that constitute a valid exercise of Wood's business judgment.

83.

Plaintiff's claims of race discrimination and retaliation are barred on the grounds that Plaintiff was not treated less favorably by Wood than any similarly-situated individual outside her protected category.

84.

Wood's acts and practices were not in violation of any federal, state, or local law and, therefore, Wood is entitled to its reasonable attorneys' fees and court costs from Plaintiff.

85.

Plaintiff's claims for punitive and/or exemplary damages are subject to any applicable statutory cap on damages.

86.

Wood reserves the right to articulate additional defenses of which it may become aware during the course of litigation.

87.

Wood requests a trial by jury.

**WHEREFORE,** Wood prays that this Answer be deemed good and sufficient, and respectfully requests that the Court, after due proceedings are had, enter judgment in Wood's favor on all counts of the Complaint, dismissing Plaintiff's claims in their entirety with prejudice, taxing all costs and expenses against Plaintiff, awarding Wood its reasonable attorney's fees pursuant to

applicable law and/or in equity, and any and all other relief to which this court finds Wood to be entitled.

Respectfully submitted, this the 8th day of September, 2020.

/s/ Jennifer D. Sims
Jennifer D. Sims, GA Bar No. 478141
**THE KULLMAN FIRM**
119 3rd St. South | Ste. 2
Columbus, MS 39701
T: (662) 244-8824 | F: (662) 244-8837
jds@kullmanlaw.com

***Attorney for Defendant***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 8th day of September, 2020, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Danielle M. Crafter, Esq. (GA Bar #207702)
Kirby G. Smith, Esq. (GA Bar #250119)
4488 North Shallowford Road, Suite 105
Atlanta, GA 30338
Telephone: 844-454-7529
Facsimile: 877-352-6253
Email: dmc@kirbygsmith.com

***Attorneys for Plaintiff***

.

***/s/ Jennifer D. Sims***
**JENNIFER D. SIMS**